# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Vera Dixon,

        Plaintiff,

**ORDER**

v.                                    Civil File No. 09-1099 (MJD/AJB)

Mount Olivet Careview Home,

        Defendant.

---

Clayton D. Halunen, Daniel G. Leland, Halunen & Associates, Counsel for Plaintiff.

Thomas A. Harder, Jared D. Kemper, Shawn M. Dobbins, Foley & Mansfield, PLLP, Counsel for Defendant.

---

This matter is before the Court on Defendant's Letter Request to File a Motion for Reconsideration. Defendant moves for reconsideration of the portion of the Court's September 17, 2010, Order [Docket No. 75] denying Defendant's motion for summary judgment on the issue of reprisal in violation of the Minnesota Human Rights Act ("MHRA"). Defendant argues that the precedent this Court used to make its decision changed prior to the issuance of its Order. Defendant makes this assertion because the Court based its finding that a

1

genuine issue of fact exists as to the reasonableness of Plaintiff's belief of discrimination on a case, Bahr v. Capella Univ., 765 N.W.2d 428 (Minn. Ct. App. 2009), which was reversed by the Minnesota Supreme Court on September 9, 2010. Bahr v. Capella Univ., 788 N.W.2d 76 (Minn. 2010).

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(g). The district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Id. at 414 (citation omitted). The Court has thoroughly reviewed Defendant's letter request and concludes that the September 17, 2010 Order contains no manifest errors of law or fact.

This Court has reviewed the Minnesota Supreme Court's opinion in Bahr, and has determined that it did not alter the substantive law that this Court used in making its decision. The Minnesota Supreme Court reversed the Minnesota Court of Appeals' decision because it found that in that case no reasonable

person could have believed that the conduct was forbidden by the MHRA. Bahr, 788 N.W.2d at 84. The Minnesota Supreme Court specifically declined to decide "whether a plaintiff must plead opposition to a practice that is actually forbidden under the MHRA…, or must plead a good-faith reasonable belief that the opposed practice was forbidden under the MHRA, because even under the more favorable good-faith, reasonable belief standard, [the plaintiff's] complaint fails." Id. at 82. Thus, the Minnesota Supreme Court did not reverse the Minnesota Court of Appeals' decision because the good-faith reasonable belief standard is the incorrect legal standard, but rather reversed the decision on the grounds that no reasonable person could have believed the conduct in that case was a violation of the MHRA. Consequently, the Minnesota Supreme Court's opinion in Bahr did not change the law which this Court used in making its decision.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant's Letter Request to File a Motion for Reconsideration is **DENIED**.

Dated: November 15, 2010     s/ Michael J. Davis
                             Michael J. Davis
                             Chief Judge
                             United States District Court